IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ARDE'S BISTRO & CATERING, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 3:14-cv-05079-SRB |
| CORELOGIC, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before this Court are four of Defendants' motions to dismiss (Doc. ##53, 55, 58, 60). For the reasons stated below, each motion is GRANTED.

I. Background

Taking the factual allegations in the Amended Complaint as true and crediting Plaintiff with all reasonable inferences, the Court finds the relevant facts to be as follows.

Plaintiff owned two restaurants in Joplin, Missouri that were insured by Continental Western Insurance for up to $1.5 million in property damage. Am. Compl. ¶ 7 (Doc. #21). In May 2009, a severe storm swept through southwestern Missouri and severely damaged both restaurants. Id. at ¶ 9. The repair bills and loss of rental income exceeded a million dollars. Id. at ¶¶ 12-13.

Having suffered a loss under its policy, Plaintiff submitted a claim to Continental. Id. at ¶¶ 2-3. In investigating Plaintiff's claim, Continental's adjuster Frank Thompson relied on two sources. Id. at ¶¶ 4-5. First, he asked Defendant Norton & Schmidt, LLC, to draft a report assessing the damage to Plaintiff's properties. Id. at ¶ 4. Norton & Schmidt assigned the task to its engineer, Defendant Clark T. Kelly. Id. Kelly submitted a deficient report, which ran

approximately a page and a half long and did not indicate any work product or baseline assumptions.  Id.

Second, Thompson used a software program to quantify the damage Plaintiff sustained.  Id. at ¶ 5.  However, the program "low-ball[ed]" Plaintiff's claim by undervaluing the cost of repairs.  Id.  Defendant Marshall & Swift/Boeckh, LLC, developed the program; Defendant CoreLogic, Inc., has since purchased Marshall & Swift/Boeckh.  Id.

Continental agreed to pay Plaintiff only $11,530.96, a fraction of its claim.  Id. at ¶ 14.  Plaintiff countered with its own estimates of the damage.  Id. at ¶ 16.  Continental disclosed the engineer report and software estimates it had relied upon, and refused to lend credence to Plaintiff's estimates unless it retained its own engineering firm to submit a report.  Id. at ¶ 16.  After Plaintiff did so, Continental rejected the findings of the investigation and stood by its decision to deny most of Plaintiff's claim.  Id.

Plaintiff sued Defendants, who removed to this Court on the basis of diversity jurisdiction.[1]  The Amended Complaint offers seven bases for liability: negligence, negligence per se, gross negligence, breach of fiduciary duty, breach of contract, fraudulent misrepresentation, and civil conspiracy.  Id. at ¶ 17-23.  The Court previously dismissed all claims against Continental (Doc. #23), leaving five Defendants: Norton & Schmidt, Kelly, Marshall & Swift/Boeckh, Corelogic, and "John Doe, an adjuster or entity not directly Employed by Continental Western Ins."

---

[1] The Court initially doubted whether it could exercise jurisdiction over this case because the parties' citizenships were unclear (Doc. #78 (ordering supplemental briefing)).  See 28 U.S.C. § 1332(a)(1).  Having reviewed Defendants' response (Doc. #79), the Court is satisfied that subject-matter jurisdiction exists.  See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam).

## II. Legal Standard

All Defendants except John Doe move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them. When reviewing a complaint under Rule 12(b)(6), the court takes all facts as true and draws all reasonable inferences in favor of the non-moving party. Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). The court first assesses whether the complaint pleads sufficient facts to state a claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration removed). The court shows no deference to legal conclusions in the complaint. Iqbal, 556 U.S. at 678.

The court then determines whether the complaint states a claim for relief that is plausible. Id. The court performs this "context-specific task" by relying on its "judicial experience and common sense." Id. at 679. A claim is plausible when "the court may draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

## III. Discussion

As an initial matter, the Court considers Plaintiff's entreaty to evaluate the motions to dismiss as motions for summary judgment. A court may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, and thus consider materials outside the

pleadings, only if the court gives "all parties reasonable notice that conversion is occurring." Brooks v. Midwest Heart Grp., 655 F.3d 796, 800 (8th Cir. 2011) (citing Fed. R. Civ. P. 12(d)).

Because Defendants did not file a motion for summary judgment, and because the Court did not provide any "reasonable notice" to Defendants that they needed to come forward with the affirmative evidence necessary to defeat a motion for summary judgment, the Court declines to convert the motions to ones for summary judgment. See id. The Court thus refuses to rely on any of the exhibits attached to Plaintiff's suggestions in opposition, as they are not embraced by the Amended Complaint.

The Court turns to the pending motions. The Amended Complaint appears to assert seven counts, each arising under Missouri law and each against all Defendants. Defendants argue that none state a claim upon which relief can be granted.

**a. Negligence**

First, Paragraph 17 charges Defendants with negligence, for providing Continental with the inaccurate information or formulas that it used to deny Plaintiff's claims. To state a claim for negligence, a plaintiff must plead that the defendant had a duty to protect it from injury. Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 155 (Mo. 2000). Duty is a question of law. Id. The existence of a duty "depends upon a calculus of policy considerations." Lough ex rel. Lough v. Rolla Women's Clinic, Inc., 866 S.W.2d 851, 854 (Mo. 1993). Those considerations include the foreseeability of the injury, which is "the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." Lopez, 26 S.W.3d at 156. "[T]here must also be some right or obligation to control the activity which presents the danger of injury." Haney v. Fire Ins. Exch., 277 S.W.3d 789, 792 (Mo. Ct. App. 2009).

Here, Defendants did not have a duty to refrain from providing inaccurate material to Continental. No single Defendant could have reasonably foreseen that its allegedly defective reports would cause Plaintiff's injuries because Continental did not rely exclusively on a single Defendant's report. Rather, it sourced reports from each Defendant, and even insisted on considering Plaintiff's own engineering study of damages. Continental could have rejected Plaintiff's claim on any of these grounds, or even could have rejected the claim for a completely separate reason altogether, such as nonpayment of premiums. Given Continental's diverse, limitless considerations in handling its insureds' claims, any likelihood of harm resulting from Defendants' individual actions was not "sufficiently serious" that they should have taken steps to avoid it. See Lopez, 26 S.W.3d at 156.

Relatedly, Continental's claims handling process—not Defendants' preparation of reports or software—presented the danger of injury to Plaintiff. Whatever influence Defendants may have had on Continental's claims handling process, no Defendant had any authority to make Continental grant or deny a claim. Thus, they each lacked a right or obligation to control Continental's process. See Haney, 277 S.W.3d at 792. For these reasons, Defendants did not owe Plaintiff a legal duty to refrain from submitting an inaccurate opinion to its insured.[2] Because the Amended Complaint fails to plead a duty, the Court dismisses the negligence count. See Lopez, 26 S.W.2d at 155.

**b. Negligence Per Se**

For its second claim, the Amended Complaint charges Defendants with negligence per se. For negligence per se to arise, there must be a violation of a statute. Beezley v. Spiva, 313

---

[2] Alternatively, a legal duty can arise from a contract. E.g. Lumbermens Mut. Cas. Co. v. Thornton, 92 S.W.3d 259, 263 (Mo. Ct. App. 2002). However, a defendant who has contracted with another generally owes no duty to a plaintiff who is not a party to that agreement. Haney, 277 S.W.3d at 792-93 (holding that a claims adjuster owed no independent duty to the insured). Because Plaintiff did not contract with any Defendant, Defendants cannot owe him a legal duty on this basis. See id.

S.W.2d 691, 695-96 (Mo. 1958). The Amended Complaint does not suggest that Defendants violated any statute. This claim is dismissed. See id.

### c. Gross Negligence

Third, Paragraph 17 charges Defendants with gross negligence. "Missouri does not recognize gross negligence." Southers v. City of Farmington, 263 S.W.3d 603, 610 n.8 (Mo. 2008) (citing Fowler v. Park Corp., 673 S.W.2d 749, 755 (Mo. 1984)). Therefore, Plaintiff cannot maintain a claim of gross negligence against any Defendant. This claim is dismissed. See id.

### d. Breach of Fiduciary Duty

Fourth, Paragraphs 20, 21, and 22 charge Defendants with breach of fiduciary duty for failing "to provide trusted information that was accurate and in Plaintiff's best interest." A breach of fiduciary duty claim requires the plaintiff to plead the existence of a fiduciary relationship between him and the defendant. W. Blue Print Co. v. Roberts, 367 S.W.3d 7, 15 (Mo. 2012). The existence of a fiduciary duty is a context-specific question of law. Id. A fiduciary duty "may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." Hibbs v. Berger, 430 S.W.3d 296, 312-13 (Mo. Ct. App. 2014). Accordingly, "the ultimate question is 'whether or not trust is reposed with respect to property or business affairs of the other.'" Id. at 313. "[A] fiduciary duty may not be created unilaterally . . . ." Id.

Plaintiff was not aware of Defendants' existence until they submitted deficient reports or had their deficient software used. At the time Defendants acted, Plaintiff had not placed any special trust in them to manage any identifiable property or business. Nor had Defendants undertaken or intended to protect any of Plaintiff's interests. Thus, they could not have been

6

under any duty at the time they acted. At most, Plaintiff decided unilaterally to repose trust and confidence in Defendants after the fact. Therefore, Defendants did not owe Plaintiff a fiduciary duty. See id. at 312-13; see also Thompson v. Cannon, 274 Cal. Rptr. 608, 611 (Cal. Ct. App. 1990) (holding that insureds do not have a fiduciary relationship under California law with adjusters or contractors hired by the insurer to investigate a claim).[3] For want of a fiduciary duty, this claim is dismissed. See W. Blue Print Co., 367 S.W.3d at 15.

### e. Breach of Contract

Fifth, Paragraph 21 charges Defendants with breach of contract. To maintain a claim for breach of contract, the complaint must allege "the existence and terms of a contract." Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. 2010). A contract exists upon offer, acceptance, and bargained-for consideration. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988).

The Amended Complaint states simply that Defendants "breached contracts (implied and actual)." Looking past this legal conclusion, see Iqbal, 556 U.S. at 678, the Court finds no allegation that any contract ever existed, as the Amended Complaint is silent on any offer, acceptance, or bargained-for consideration between the parties. See Johnson, 745 S.W.2d at 662. Even if a contract did exist, the Amended Complaint gives no clue as to its terms. Plaintiff has failed to plead breach of contract, so this claim is dismissed. See Keveney, 304 S.W.3d at 104.

### f. Fraudulent Misrepresentation

Sixth, Paragraph 23 charges Defendants with "fraud and misrepresentation." Fraudulent misrepresentation comprises nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's

---

[3] Plaintiff argues that the Amended Complaint pled a fiduciary duty because it alleged that Defendants "were in a position of trust" and had "fiduciary duties." Am. Compl. ¶¶ 20-22. Because these are legal conclusions, they merit no deference on a motion to dismiss. See Iqbal, 556 U.S. at 678.

7

intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." Stevens v. Markirk Constr., Inc., 454 S.W.3d 875, 880 (Mo. 2015).

The Amended Complaint fails to allege at least the fifth, sixth, and seventh elements. Defendants intended for Continental, not Plaintiff, to rely on their representations. Plaintiff does not indicate how he relied on the representations. Rather, he seems to have been aware all along that the representations were false. For at least these reasons, this claim must be dismissed. See id.

### g. Civil Conspiracy

Finally, Paragraphs 18 and 19 allege that Defendants participated in a civil conspiracy to undervalue its property insurance claim. "Although civil conspiracy has its own elements that must be proven, it is not a separate and distinct action." W. Blue Print Co., 367 S.W.3d at 22. A civil conspiracy "does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone." Hibbs, 430 S.W.3d at 320. As explained above, the Amended Complaint has failed to state any underlying claims against Defendants. Therefore, the claim for civil conspiracy is dismissed. See id.

### IV. Conclusion

Accordingly, it is hereby

8
Case 3:14-cv-05079-SRB   Document 80   Filed 08/18/15   Page 8 of 9

intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." Stevens v. Markirk Constr., Inc., 454 S.W.3d 875, 880 (Mo. 2015).

The Amended Complaint fails to allege at least the fifth, sixth, and seventh elements. Defendants intended for Continental, not Plaintiff, to rely on their representations. Plaintiff does not indicate how he relied on the representations. Rather, he seems to have been aware all along that the representations were false. For at least these reasons, this claim must be dismissed. See id.

### g. Civil Conspiracy

Finally, Paragraphs 18 and 19 allege that Defendants participated in a civil conspiracy to undervalue its property insurance claim. "Although civil conspiracy has its own elements that must be proven, it is not a separate and distinct action." W. Blue Print Co., 367 S.W.3d at 22. A civil conspiracy "does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone." Hibbs, 430 S.W.3d at 320. As explained above, the Amended Complaint has failed to state any underlying claims against Defendants. Therefore, the claim for civil conspiracy is dismissed. See id.

### IV. Conclusion

Accordingly, it is hereby

**ORDERED** that the motions to dismiss, Doc. ##53, 56, 58, 60, are each GRANTED. All claims against Kelly, Norton and Schmidt, Corelogic, and Marshall & Swift/Boeckh are dismissed without prejudice to refiling.

John Doe remains the only defendant in this action. Plaintiff has failed to timely file a return of service indicating service has been completed on John Doe. Accordingly, it is hereby

**ORDERED** that Plaintiff is directed to show cause within fourteen days as to why this case should not be dismissed against John Doe for failure to prosecute. In lieu of a response, Plaintiff may file the appropriate returns of service.

      /s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date:  August 18, 2015
Kansas City, Missouri